PASSAIC COUNTY CIRCUIT COURT.

SOPHIE MAJOWICZ, by Andra Majowicz, her next friend,
and ANDRA MAJOWICZ, plaintiffs,

*v.*

MARY MAGDA and LAWRENCE MAGDA, her husband,
defendants.

[Decided February 9th, 1924.]

**Assault and Battery—By Married Woman Not in Presence of
Husband—Liability of Husband as at Common Law Sus-
tained Notwithstanding Reason for the Common Law Rule
Alleged to No Longer Exist.**

Action at law.

*Mr. Albert Comstock,* for the plaintiffs.

*Messrs. Weinberger & Weinberger,* for the defendants.

NEWMAN, J.

This action is brought against a married woman and her
husband to recover damages for an alleged assault and battery
committed by such married woman not in the presence of her
husband.

The husband moves to strike out the complaint, so far as
it relates to him, on the ground that there is no liability on
his part for such a tort, and that he is not a proper party
defendant.

Both counsel concede that at the common law he was liable,
and a proper party. The plaintiffs maintain that the pro-
vision of the common law is still in existence in this state,
while the defendant claims that the rule of the common law

has been abrogated. Defendant contends that such abrogation has arisen because, *first,* that the reason for such rule no longer exists, and that therefore the rule does not exist; *second,* that the statutes of this state emancipating women from many of the disabilities of coverture, both as to their person and property, have operated to extinguish the rule.

Conceding the existence of the rule at common law it must still be effective unless abrogated by one or both courses.

The rule has not been abolished by the act of 1852, more familiarly known as the Married Woman's act, nor by any subsequent legislation up to the opinion of the supreme court in the case of *State* v. *Martini, 80 N. J. Law 685,* an opinion which was filed November 25th, 1910. See, also, *Hildreth* v. *Camp, 41 N. J. Law 306* (decided February, 1879); *O'Brien* v. *Walsh, 63 N. J. Law 350* (decided June, 1899); *Wolff* v. *Lozier, 68 N. J. Law 103* (decided June, 1902).

Defendant contends that the rule has been abolished if not directly, at least by implication, by "An act respecting actions by or against married women" (*P. L. 1912 p. 416*), which provides that "a married woman may sue, or be sued, without joining her husband, in any case whatsoever in which he would be an unnecessary party if he were not her husband." It is true that in some states a similar statute has been held to abrogate the rule, but my attention has not been directed by counsel to a case where such result is arrived at by what seems to me to be compelling logic. The title of this act deals not with the liability of a husband, but with a suit against a married woman. Such a result would also necessitate a construction of the optional word "may" to be the imperative word "must." Such was not the construction placed upon the word "may" in the act of 1906 (*P. L. 1906 p. 525*), providing that she "may" maintain an action in her own name for a tort committed against her. It was held optional. *Davis* v. *Public Service Corp., 77 N. J. Law 275.* It is true that statute contained a provision that it should not be construed to interfere with or take away any common law right of action, but I do not believe that that provision was a

factor in determining the question. I conclude, therefore, that the rule has not been abrogated by statute. See, also, *McDonald* v. *Freeholders of Hudson, 1 N. J. Adv. R. 1426.*

Counsel for defendant have presented a very able and exhaustive brief, urging that the rule has been abrogated because the reason for it no longer exists as it did at the common law when the married woman had lost her entity. They have cited respectable authority in the form of opinions of the courts of sister states to that effect, but in the absence of any opinion of any appellate court, or court of superior jurisdiction in this state, I am unwilling to declare that such abrogation has taken place. Such radical change in our fundamental law, if it exists, should come from one of those courts.

The motion will therefore be denied, with costs.